IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| A.C. RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-00256-SMY |
| | ) |
| CRAIG FOSTER, and | ) |
| CHAPLAN HERBERER [sic.], | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff A.C. Rodgers is currently incarcerated at Vandalia Correctional Center ("Vandalia"). (Doc. 1.) Proceeding *pro se*, he has filed a Complaint against Vandalia's warden and chaplain, alleging that they violated his constitutional rights by damaging his prayer rug (*Id.* at 5). Rodgers seeks monetary and specific relief (*Id.* at 6).

This matter is now before the Court for a preliminary review of Rodgers' Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." For the reasons stated below, Rodgers' Complaint shall be dismissed without prejudice.

**Facts**

The Complaint alleges the following facts. Rodgers is a devout Muslim. He prays five times a day using a special prayer rug as a devotional device (*Id.* at 5). Approximately a year ago, Chaplain Herber, chaplain at Vandalia, damaged his prayer rug by cutting off the rug's tassels (*Id.*). The incident has caused Rodgers to experience depression, anxiety "and a profound distrust in Chaplan [sic] services" at Vandalia (*Id.*).

**Discussion**

The Court observes that Rodgers has checked the box on the complaint form indicating he is bringing suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials. However, neither defendant is a federal official. They are both agents of the State of Illinois. Thus, Rodger's FTCA claim must be dismissed without prejudice.

Because Rodgers is proceeding *pro se*, the Court will construe the Complaint as proceeding under 42 U.S.C. § 1983, which provides jurisdiction for constitutional claims against state agents acting under color of law. While Rodgers claims that Chaplain Herber's action constituted cruel and unusual punishment (*id.*.),[1] the only constitutional right that might be implicated by these facts is Rodgers' right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.

To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Rodgers has no civil rights claim. *Hudson v. Palmer*, 468 U.S.

---

[1] The complaint does not state a claim for "cruel and unusual punishment" within the meaning of the Eighth Amendment. Rodgers' mental distress over the damage of his prayer rug does not rise to the level of a significant deprivation of a basic human need, such as food, medical care, physical safety, or sanitation, which would trigger Eighth Amendment scrutiny. *See Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Farmer v. Brennan,* 511 U.S. 825, 837 (1970).

517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Therefore, Rodgers' civil rights claim is dismissed without prejudice.

## Disposition

**IT IS ORDERED** that this civil rights action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The dismissal of this case shall not bar Plaintiff from seeking damages in the Illinois Court of Claims.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59€ may toll the 30–day appeal deadline. FED. R. APP. P. 4(A)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 21, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**
